```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
STEVEN WILLIAM GELISH,

                    Plaintiff,              ORDER
                                            10-CV-3713(JS)
     - against -

SOCIAL SECURITY ADMINISTRATION,
HERALD STEVENS, Alante Security of
the Social Security Courts,
HON. SOL. A. WIESELTHIER, Social
Security Administrative Law Judge,
MS. VELAZQUEZ, SSA Representative,

                    Defendants.
-------------------------------------X
```
Appearances:
For Plaintiff:      Steven W. Gelish, Pro Se
                    221-04 73rd Avenue Apt. 3p
                    Bayside, New York 11364

For Defendants:     No Appearance

SEYBERT, District Judge:

On August 9, 2010, pro se plaintiff Steven W. Gelish ("Plaintiff") filed a Complaint pursuant to 28 U.S.C. §§ 1331, 1343, 1346(b), 1391(e)(2), 1402(b) and 2671-80 against the Defendants. Plaintiff did not pay the $350.00 filing fee, nor did he file a request to proceed in forma pauperis. However, Plaintiff also filed on August 9, 2010 two other Complaints which were assigned docket numbers 10-CV-3636 (JS)(ETB) and 10-CV-3714 (JS)(ETB), respectively. The Complaint assigned docket number 10-CV-3636 (JS)(ETB) was accompanied by a request to proceed in forma pauperis and that application was granted by Order dated September 9, 2010. See 10-CV-3636 (JS)(ETB), Order, dated September 9, 2010, Seybert, D.J. Given that the application to

proceed in forma pauperis was filed on the same day as the instant Complaint, albeit in a different case, the Court will deem the in forma pauperis application filed there to also be included in this docket and is granted. However, for the reasons that follow, the Plaintiff's Complaint is sua sponte dismissed with prejudice.[1]

BACKGROUND

The instant Complaint is incomprehensible. By way of background, on May 5, 2010, Plaintiff filed two in forma pauperis pro se complaints that each alleged a variety of wrongdoing related to the death of his mother. The first action was brought against North Shore Long Island Jewish Hospice Care Rehab Center and the Parker Jewish Institute Community Hospice Program and was assigned to District Judge Joseph Bianco under docket number 10-CV-2021. The second complaint was brought against "President Barracks O'bama", Vice President Joseph Biden, White House Assistant Michael McNulty, the Department of the Treasury, the Board of Governors of the Federal Reserve System, the Department of Justice, Attorney General Eric Holder, FBI Director Robert Nardoza, United States Attorney General's Office, Governor David Patterson, Attorney General Andrew Cuomo, New York City Mayor Michael Bloomberg, New York City Criminal Court, New York County District Attorney Cyrus Vance, Jr., Queens City Council Representatives Grace Meng, John

---

[1] Plaintiff also filed an incomprehensible "Order to Show Cause to Restore Hearing to Calendar/Sanctioning of SSA Benefits Hon. Sol. A. Wieselthier." Given the dismissal of the Complaint, the request for an order to show cause is denied as moot.

2

Liu and Peter Vallone, Jr., City Council Speaker Christine Quinn, Nassau County District Attorney Kathleen Rice, Assistant District Attorney Warren Thurer, the Queens District Attorney's Office, the New York Police Department and the "Fraudulent Officialdom of Internal Intel laptop digital cyberterrorism." This action was also assigned to Judge Bianco under docket number 10-CV-2022.

Judge Bianco granted Plaintiff's request to proceed <u>in forma pauperis</u> in each of the earlier actions and <u>sua sponte</u> dismissed the complaints without prejudice. <u>See</u> Dkt. No. 10-CV-2021 (JFB), Order, dated May 6, 2010, Bianco, D.J.; Dkt. No. 10-CV-2022(JFB), Order, dated May 6, 2010.[2] In an "abundance of caution," Judge Bianco permitted Plaintiff to re-plead in an attempt to assert a federal claim in each of these cases and directed that such amended pleadings be filed by June 5, 2010. <u>Id.</u> Judge Bianco warned that the cases would be dismissed absent an amended complaint. <u>Id.</u> Rather than file an amended complaint in either case, Plaintiff submitted a letter dated June 1, 2010 with various attachments in Docket No. 10-CV-2021 (JFB) that Judge Bianco liberally construed as an Amended Complaint.

Upon review of Plaintiff's June 1 submission, Judge

---

[2] The first case was dismissed for lack of federal subject matter jurisdiction over Plaintiff's state law claims and for failure to give fair notice of any federal claim under Rule 8 of the Federal Rules of Civil Procedure. <u>See</u> Dkt. No. 10-CV-2021 (JFB), Order, dated May 6, 2010, Bianco, D.J. The second action was dismissed for failure to state a claim upon which relief may be granted and for failure to give notice of a claim. <u>See</u> Dkt. No. 10-CV-2022 (JFB), Order, dated May 6, 2010, Bianco, D.J.

3

Bianco again concluded that the Court lacked both diversity and federal question subject matter jurisdiction to hear Plaintiff's wrongful death claims or any other state law claim regarding the death of Plaintiff's mother and that the "Amended Complaint" otherwise failed to give notice of a claim. Judge Bianco also determined that any further attempts by Plaintiff to re-plead would be futile and dismissed the case without prejudice to Plaintiff attempting to bring any state law claims in state court. See Dkt. No. 10-CV-2021 (JFB), Order, dated June 15, 2010, Bianco, D.J. With regard to Dkt. No. 10-CV-2022 (JFB), by Order dated June 16, 2010, Judge Bianco sua sponte dismissed the Complaint without prejudice under the Court's inherent power for failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure. See Dkt. No. 10-CV-2022 (JFB), Order, dated June 15, 2010, Bianco, D.J. The instant Complaint followed.[3]

## THE COMPLAINT

The instant Complaint is nonsensical. Plaintiff's fourteen page typed Complaint is labeled as a "FELONY COMPLAINT JURY TRIAL DEMANDED OXYMORON SOCIAL SECURITY ADMINISTRATION'S FELONIES" and largely cites and quotes various unrelated legal authorities. For example, after stating that the action is brought

---

[3] As noted earlier, in addition to the instant Complaint, on August 9, 2010, Plaintiff also filed two other in forma pauperis complaints. See 10-CV-3636 (JS)(ETB) Gelish v. U.S.A., et al. and 10-CV-3714 (JS) Gelish v. Northshore Long Island Jewish Hospice Care Rehab Center et al.

4

pursuant to "(1) Civil Rights Act of (28 U.S.C. § 1343); (2) Federal Tort Claims Act of (28 U.S.C. § 2671-80); (28 U.S.C. § 1346(b)); (28 U.S.C. § 1331); (28 U.S.C. § 1402(b)); 28 U.S.C. § 1391(e)(2)," Plaintiff alleges that

> pursuant to; (1) Federal Rules of Criminal Procedure, Laws and penal Statutes of Rule 3., 3.16; 3.17; 3.18; F.R. Crim. Pro. Rule 7 to defer for indictment by Federal prosecutor; on the accusatory grounds of the factual evidence of the Obstruction of Justice CV-10-2021 & CV-10-2022 Filing., under TITLE 18 > PART II > CHAPTER 203 > §3060 §3060. Preliminary examination; and New York State Criminal Procedure laws, Criminal Penal Laws, and Codes; CPL Section §-100.05.; §-100.15; Commencing an action; to the Eastern District prosecutor for an injunction for criminal indictments, warrants of arrest pre-discovery subpoenas pursuant to §-110.10; §-110.10(2) of factual evidence discovery>> {{ Hereto annexed, See exhibits of the OSC to reschedule hearing, of the perverting, obstruction of Title XVI of the Social Security Act 1611, SSI Program, that was ignored, unfiled and unreplied, too. A contempt violations.; See Exhibit F1-#F.-1}-I-Facsimile of fraudulent application processing date receipt.; #F.-1}-II Facsimile of denied SSI Benefits/Application S.S. Reply correspondence of the origincal CV-10-2022, OSC/TRO Affidavit in support}, it is imperative, you are hereby compelled to docket this Felony Complaint of multiple counts of felonies for investigation/indictments and prosecution to the defendants under the aforesaid [ ] laws . . . .

Compl. at ¶ III. Plaintiff next alleges that the laws he cited

> provide the courts prosecuting powers *with or without* input or assistance from officials or district attorneys/prosecutors to the People of the State of New York; a citizen; claimant; Pro-Se Esquire/unbarred attorney to prosecute

5

under the aforesaid F.R. Crim-Pro. & CPL's.

Compl. at ¶ III. (emphasis in original). The Complaint continues in this fashion throughout paragraph IV and purports to begin its "accusatory statements of substantiating attributing factual statements . . . " at paragraph V:

> Hereby entreat the court to take notice of, I, as the plaintiff/complainant, unfortunately the victim of Jeffrey Dahmer conscience type, Oxymoron Government, too. In my past fossil life, of this life, I was from youth entrapped and deceived by a real fake Italini culture thing oxymoron government operation. [This youth tainting, good normal life godly right, discourse alone, the defendants are liable for 100% lifetime recompensing pecuniary damages relief sought. . . .
> 
> These oxymoron officialdom criminalities tort escalated into multiple counts of criminal offenses upon which metastasized to the aforelisted defendants partes of the Social Security Administration and Department have played a criminal contributory part. . . .

Compl. at ¶ V. The Complaint continues in this manner:

> In regards to this Social Security Department Felony Complaint of a multi-joint service, of relation to the officialdom induced tort, embargo, of a fraudulent Obstruction of Title XVI (Title 16) of the Social Security Act; denial for SSI, the SSI Program, or Title XVI of the Social Security Act 1611,provides monthly federal cash assistance of up to $674 (as of 2010 [update]) for an individual to help meet the costs of basic needs of food shelter and clothing. . . .
> 
> Due to my disabilities, one of been proven a permanent disability of a compression frature in my vertebrae, since 1995, . . . at around the time of filing for SSI on January 08th, 2009, I was prior my mother's livein

6

> caretaker, with the present situation of her being in the hospital, on the day of January 08th, of 2009, in a stupor of the crime {an illegal euthanasia felony murder} that I just experienced of shocking parent bereavement at 01:37:49 01/07-09 nite before, with services being prepared for her I had time to keep the prior appointment, that took three months to make, for Social Security Supplemental Income. Upon which was a numb null interview on my part, but as well as of incompetence and fraudulent civil service from the interviewer at Social Security 138-50 Barclay Avenue Flushing, N.Y. 11355 {*Ms. Velasquez}, she had made a deliberate human error of a digital fraud, after just being explained that my mother just passed on, that I was not a partial allocation of my mother's medicaid benefits, as my income with proof, of which she placed it as part of mine, equating to a fraud denial of benefits, due from too much income.

Compl. at ¶ A-1, page 5.[4]  Plaintiff further alleges that

> [in] addition to this oxymoron government tort acts, this tort cancer has metastisized into the Social Security Administration, of the listed defendant's that violated the plaintiff's civil rights, that have also effected into his family relations due from lack of economic support to essential suitor and family members from this fraudulent denials that shall be 100% compensation. . . .

Compl. at ¶ B-1, page 8.

---

[4] Although far from clear, it appears that Plaintiff may be attempting to challenge a denial of social security benefits. However, Plaintiff has not annexed a copy of the Appeals Council letter to the Complaint making it impossible for this Court to determine whether Plaintiff has exhausted his administrative remedies within the agency. The Clerk of the Court is directed to provide Plaintiff with the Court's form and information sheet for filing a social security appeal together with a copy of this Order.

Based on these allegations, Plaintiff seeks "100% superior liability for full 100% compensations and recompensing emotional pain and suffering, embarrassment and humiliation, mental anguish, trauma, defamation, pecuniary indemnities damages, to the plaintiff himself for the Officialdom SSA Tort case." Compl. at ¶ VIII.

DISCUSSION

I. <u>Application of 28 U.S.C. § 1915(e)(2)</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in forma pauperis</u> complaint when it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." <u>See</u> 28 U.S.C. § 1915(e)(2)(B). The Court is required to dismiss the action as soon as it makes such a determination. <u>See</u> <u>id.</u> Section 1915(e), as amended by the Prison Litigation Reform Act of 1995, applies to both prisoner and non-prisoner <u>in forma pauperis</u> actions. <u>See</u> <u>Burns v. Goodwill Indus. of Greater New York</u>, No. 01-CV-11311, 2002 WL 1431704, at *2 (S.D.N.Y. July 2, 2002).

An action is "frivolous" when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." <u>Livingston v. Adirondack Beverage Co.</u>, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the

wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). As should be readily apparent from a casual reading of the Complaint, the claims in this case "rise to the level of the irrational or the wholly incredible." Id.

Construing the Complaint liberally, the Court finds that Plaintiff's claims are factually frivolous, "rising to the level of the irrational or wholly incredible," Denton, 504 U.S. at 26, and are thus dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I). See, e.g., McCracken v. Fass, 06-CV-3892 (JS), 2006 WL 2927162, at *2 (E.D.N.Y. Oct. 10, 2006); Jones v. City of New York, No. 99-CV-8281, 2000 WL 516889 at *3 (E.D.N.Y. March 15, 2000); Manzu v. Manzu, No. 95-CV-4286, 1995 WL 837317, at *1 (E.D.N.Y. March 18, 1995).

II. The All Writs Act

As noted above, during the period May 5, 2010 to August 9, 2010, Plaintiff has filed five in forma pauperis Complaints in this Court against many of the same defendants alleging a variety of wrongdoing related to the death of his mother and, including this case, four of those Complaints have been dismissed thus far. Under the All-Writs Act, a federal district court 'may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All-Writs Act "grants district

9

courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999). Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. See Malley v. New York City Board of Educ., 112 F.3d 69 (2d Cir. 1997) (per curiam) (filing injunction may issue if numerous complaints filed are based on the same events); In re Martin-Trigona, 9 F.3d 226, 227-28 (2d Cir. 1993). Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts. In addition, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction. Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam); MLE Realty, 192 F.3d at 261.

Plaintiff's instant action, together with docket numbers 10-CV-2021, 10-CV-2022, 10-CV-3636 and 10-CV-3714 make clear that Plaintiff will file a new action against these defendants seeking redress for the alleged wrongdoing related to the death of Plaintiff's mother. Plaintiff's continued filing of in forma pauperis complaints relating to this issue constitutes an abuse of the judicial process. The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d

10

121, 123 (2d Cir. 2000).

The Court is especially cognizant of Plaintiff's pro se status and has considered his submissions in as positive light as possible. Nonetheless, the Court warns Plaintiff that similar, future complaints will not be tolerated. If Plaintiff persists in this course of action, the Court will require that Plaintiff first seek leave of Court before submitting such filings. In addition, the Court may direct the Clerk of the Court to return to Plaintiff, without filing, any such action that is received without a clear application seeking leave to file, and the Court may sua sponte dismiss the case with prejudice.

## CONCLUSION

For the reasons stated above, Plaintiff is GRANTED in forma pauperis status for this case. It is further ordered that Plaintiffs' Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i),(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). The Clerk of the Court is directed to close this case.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
September 17, 2010